UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JERRY M. ZUCKER,**

   Petitioner,

v.                                       No. 4:22-cv-0195-P

**BOBBY LUMPKIN, DIRECTOR,
TDCJ-CID,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Jerry M. Zucker under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply and other filings by Petitioner, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

## BACKGROUND

Petitioner pled guilty to four counts of sexual assault of a child, two counts of indecency with a child, and one count of endangering a child and was sentenced to concurrent terms of imprisonment of three years as to the sexual assault convictions, one year as to endangering a child, and a ten-year term of deferred adjudication as to the indecency convictions. ECF No. 19-9 at 6–20, 169. The judgments were imposed under Case No. 1543839D in the 372nd Judicial District Court of Tarrant County, Texas, on May 24, 2019. *Id.* Petitioner did not appeal. ECF No. 1 at 3.

On February 20, 2020, Petitioner purportedly signed his state habeas application. ECF No. 19-9 at 58. The application was received for filing on May 13, 2020. *Id.* at 27. Attached to the application was a declaration of Tina Maureen Zucker dated April 3, 2020, swearing that the contents of the application were true and correct. *Id.* at 59. Also attached was a document purporting to provide "Petitioner's

Information" and listing Tina M. Zucker as the petitioner and giving her contact information, concluding with the statement:

> I am signing and presenting this application form on behalf of the applicant for the purpose of obtaining relief from the applicant's felony conviction. I have consulted with the applicant concerning this application and the applicant has given consent to the filing of this application form.

*Id.* at 61. The Fort Worth address on the form was scribbled out and the address of 4921 Stump Rd, Pipersville, PA 18947 was added. *Id.* On February 3, 2021, the Court of Criminal Appeals of Texas denied the application based on the findings of the trial court without hearing and on the Court's independent review of the record. ECF No. 19-1; ECF No. 19-9 at 138–67 (proposed findings of fact and conclusions of law), 175 (order adopting proposed findings and conclusions). On February 7, 2021, Petitioner purportedly signed a motion for rehearing, which was received by the Court of Criminal Appeals on March 15, 2021. ECF No. 19-2 at 8, 1. On March 22, 2021, the motion was dismissed. *Id.* at 1.

On March 11, 2022, Petitioner filed his petition in this action. ECF No. 1. The Clerk received the petition on March 17, 2022.

## GROUNDS OF THE PETITION

Petitioner asserts thirteen grounds in support of his petition. ECF No. 1. The Court need not describe them here.

## LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies

principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## ANALYSIS

For purposes of this case, Respondent concedes that Petitioner's judgments became final on June 24, 2019, thirty days after they were entered. TEX. R. APP. P. 26.2. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2011). (Arguably, they became final the day they were entered, because Petitioner waived his right to appeal by pleading guilty. *See* ECF No. 18 at 8 & n.4 (discussing cases). As Petitioner notes, however, the record is muddled on that point. ECF No. 19-9 at 82.)

The one-year limitations period was tolled during the time that Petitioner's timely-filed state habeas application was pending. Because the application was filed by Tina Zucker and not mailed by Petitioner to the state court, limitations was tolled for 267 days, from May 13, 2020, through February 3, 2021.[1] *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013); *Cousin v. Lensing*, 310 F.3d 843, 847 & n.2 (5th Cir.

---

[1] Petitioner admits that the state application was filed May 13, 2020. ECF No. 20 at 6.

2002); *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994). Thus, his federal application was due March 18, 2021.

Petitioner claimed that he mailed a motion for reconsideration to the Court of Criminal Appeals on February 7, 2021, which seems highly unlikely since the Court's ruling was issued February 3, 2021.[2] And, the record reflects that the motion was placed in the mail on March 12, 2021, ECF No. 18, Ex. B at 73, three days before it was received by the Court. ECF No. 19-2 at 1. Although a motion for reconsideration may toll limitations, such a motion must be properly filed. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). Pursuant to Rule 79.1 of the Texas Rules of Appellate Procedure, a motion for rehearing must be filed within fifteen days of the Court's judgment or order. Here, the motion for reconsideration was not properly, that is, timely, filed and was dismissed. ECF No. 19-2 at 1. Therefore, Petitioner is not entitled to additional tolling due to the pendency of the motion for reconsideration. 28 U.S.C. § 2244(d)(2).

On March 29, 2021, Petitioner filed a federal application for writ of habeas corpus, which was assigned No. 4:22-cv-0509-P in this Court. That application was dismissed for want of exhaustion. *Zucker v. Lumpkin*, No. 4:21-cv-0509-P, 2022 WL 675809 (N.D. Tex. Mar. 7, 2022). It did not toll limitations because it was not an "application for State post-conviction or other collateral relief" under section 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

To the extent Petitioner argues that he should benefit from equitable tolling, he has not met his burden. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (petitioner bears the burden of proving that equitable

---

[2] With regard to Petitioner's allegations regarding the motion for rehearing, ECF No. 20 at 4, 7, the mail log records do not reflect that anyone placed any outgoing mail in the prison mail system on February 7, 2021. ECF No. 18, Ex. B at 55. As for the allegation that the "ice storm of the century" shut down the entire unit for almost two weeks, the mail log records reflect a gap from February 13 to February 18, 2021, when mail was not deposited in the prison mail system or delivered to the U.S. Postal Service. *Id.* at 59. The records reflect that mail deposited for mailing was delivered to the Postal Service that same date. *Id.* at 22–74. Petitioner admits that the COVID lockdown did not affect the mail service. ECF No. 20 at 4.

tolling is justified). Equitable tolling applies only in rare and exceptional circumstances, principally where the petitioner is actively misled by the State or is prevented in some extraordinary way from asserting his rights. *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999); *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000). To meet his burden, Petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland*, 560 U.S. at 649. Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

Here, the record reflects that the judgments at issue became final June 24, 2019. Petitioner did not file his state habeas application until almost one year later, on May 13, 2020. None of his reasons for waiting so long amount to extraordinary circumstances.[3] *See, e.g.*, *Petty*, 530 F.3d at 366 (lack of legal training, ignorance of law); *Fierro*, 294 F.3d at 682 (excusable neglect, ignorance of law, mistaken assumption regarding limitations); *Felder*, 204 F.3d at 171 (*pro se* status, illiteracy, lack of legal training, inadequacy of law library). Moreover, waiting so long to pursue state habeas relief does not constitute diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010) (equitable tolling denied where petitioner waited seven months after his conviction became final to file state application and seven weeks after notice of ruling thereon to file his federal habeas application). Thus, even assuming Petitioner submitted his motion for rehearing to the Court of Criminal Appeals as he alleges and an ice storm prevented its being timely filed, he still cannot benefit from equitable tolling because he did not exercise diligence before that event. The same conclusion applies if Petitioner is contending that he was somehow misled by the Court's ruling in his first federal habeas application.

---

[3] Petitioner says that he had to "read, study, and learn enough" to be able to pursue relief. ECF No. 20 at 7. The travails of Petitioner's family are certainly not uncommon and, in any event, appear to have been caused by Petitioner.

## CONCLUSION

For the reasons discussed, Petitioner's application is **DISMISSED**. The Court need not reach the matter of exhaustion or the merits of the claims. The motion to strike, ECF No. 29, is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **5th day** of **December 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE